**LEASEAMERICA CORPORATION,**
Plaintiff,

v.

**Thomas S. KLEPPE, Administrator, Small Business Administration,**
Defendant.

No. C 74–42.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Dec. 12, 1975.

James W. Hall, Richard C. Garberson, Cedar Rapids, Iowa, for plaintiff.

Gary E. Wenell, Asst U. S. Atty., Sioux City, Iowa, for defendant.

ORDER

McMANUS, Chief Judge.

This matter is before the court on the parties' resisted cross-motions for summary judgment filed September 9, 1975 and September 29, 1975, respectively.

In this action plaintiff seeks declaratory judgment affirming the validity of two written leases by plaintiff of certain beauty shop equipment in Dubuque, Dubuque County, Iowa to one Margaret Paine (Paine).

The following facts are not in dispute. On April 25, 1968 plaintiff leased Paine $3,092.34 worth of equipment for $104.77 a month for 36 months and for $104.77 per year thereafter. In April of 1972 plaintiff in a separate writing offered to sell Paine the leased equipment for $319.30. On June 6, 1972 Paine ob-

tained a Small Business Administration (SBA) secured loan from Key City Bank and Trust Company of Dubuque in the sum of $24,000.00. Thereafter on September 1, 1972 plaintiff leased $1,770.48 worth of additional equipment to Paine for $63.92 a month for the same term as the first lease. Plaintiff made no offer to sell the equipment in the second lease nor filed financing statements regarding either lease.

Paine retained possession of the leased equipment until she was adjudged bankrupt February 19, 1974, when it was sold and the proceeds put in escrow. The SBA was assigned the bank's security interest in Paine's equipment February 25, 1974. This court has jurisdiction pursuant to 15 U.S.C. § .634(b)(1).

Plaintiff claims superior title to proceeds from the sale of the equipment by reason of the leases. Defendant claims the offer to sell converts the leases into unperfected security interests junior to the SBA's perfected interest.

■ Summary judgment is an extreme remedy to be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); *Cervantes v. Time, Inc.,* 464 F.2d 986 (8th Cir. 1972).

■ Iowa's Uniform Commercial Code § 554.1201(37), Iowa Code (1975), provides in part:

"Whether a lease is intended as security is to be determined by the facts in each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security."

The issue is whether such an agreement must exist at the time the lease is entered into and this court is of the opinion it must. *Burroughs Corp. v. Berry,* 380 F.2d 427 (8th Cir. 1968) ("Purchase Option Rider"); *Sanders v. Commercial Credit Corp.,* 398 F.2d 988 (5th Cir. 1968) ("suspicion" of tacit agreement insufficient); *McKeeman v. Commercial Credit Corp.,* 320 F.Supp. 938 (D.C.Neb.1970) (simultaneous oral option sufficient); *Devita Fruit Co. v. FCA Leasing Corp.,* 473 F.2d 585 (6th Cir. 1973); *In Re Metropolitan Offset Printers, Inc.,* 391 F.2d 770 (3rd Cir. Cir. 1968); *In Re Atlanta Times, Inc.,* 259 F.Supp. 820 (N.D.Ga.1966); Collier on Bankruptcy 14th ed. § 70.18[4]. Although not relying on the Uniform Commercial Code, tax cases have also required the option agreement be contemporaneous with the lease. *Lockhart Leasing Co. v. United States,* 446 F.2d 269 (10th Cir. 1971) (option existed in lease); *Western Contracting Corp. v. C. I. R.,* 271 F.2d 694 (8th Cir. 1959) (de facto sale theory rejected).

Paine's affidavit offered by defendant states in part, ". . . at no time prior to the signing of the 'lease agreement' shown in Exhibit 'A' attached hereto was a purchase option discussed or agreed to . . .," which taken together with plaintiff's affidavits establish the intention of the parties to enter into a valid bona fide lease on April 25, 1968 unaffected by the subsequent offer to sell. Since no option existed regarding the second lease, it too must be construed as valid.

Accordingly, plaintiff owned the leased equipment, free and clear of defendant's perfected security interest and is entitled to the proceeds therefrom.

It is therefore

Ordered

Plaintiff's motion granted and defendant's denied.