## UNITED STATES LEASING CORP. v. CARIBE INSURANCE AGENCY CORP.

No. 77-2588 CC-05.

County Court, Dade County.

May 21, 1979.

Melvin D. Bratton, Miami, for the plaintiff.

Leo Adderly, Miami, for the defendant.

SIDNEY L. SEGALL, County Court Judge.

Plaintiff and defendant entered into a "lease" agreement of office equipment with a rent commencement date of March 10, 1974.

By letter dated October 11, 1974, defendant-lessee advised plaintiff-lessor that defendant was "no longer using the equipment" and requested the following information — "total amount due, if contract is transferable, channel that has to be used if contract is transferable." By letter dated February 3, 1975, defendant requested the "pay off balance" under the "lease" contract. By letter dated February 17, 1975, defendant wrote plaintiff, "Please let us have the return amount due on the above mentioned lease [sic]. Should we return the equipment?"

Plaintiff, by letter dated May 9, 1975, wrote defendant, stating in part —

> "Our leases do not contain any provision for early cancellation. However, we will allow you to cancel the lease at this time for $1,290.54 if you purchase the leased equipment or for $1,192.54 if you return it. We suggest that you purchase the equipment and dispose of it yourself."

By letter dated June 30, 1975, plaintiff advised defendant it would be necessary to repossess the leased equipment for "failure to remit payments in accordance with the lease agreement."

Thereafter, plaintiff repossessed the "leased" equipment and sold same at private sale and received $713.48 from the sale.

The total term and price was for a period of 48 months at $68.37, or a total of $3,281.71. Defendant made 12 payments of $68.37 per month, or a total of $820.44. Plaintiff has credited defendant with payments made by defendant and the amount realized from the sale of the equipment. Plaintiff sues for $2,092.41, which includes $328.17 reversionary value of equipment with a penalty of $16.40. In addition, plaintiff seeks reasonable attorney's fees as authorized by the "lease."

Both plaintiff and defendant agree that the principal issue is — Whether the instrument executed by the parties is a true lease or security interest under the Florida Uniform Commercial Code.

The "lease" contains no option to purchase. At the expiration of the term of the lease (48 months), the lease provides for a renewal rent of $68.37 annually. Ownership of the equipment was retained by the "lessor" and possession was to be returned to the lessor at the end of the term of the "lease" or in event of default by the lessee. There was no evidence of the existence, at the time of execution of the lease, of a contemporaneous oral option to purchase. The letter from the lessor to the lessee, dated May 5, 1975, referred to above, disclosed that the lessor offered to sell the equipment to the lessee. This was approximately 14 months after the original lease agreement was entered into.

Florida Uniform Commercial Code, Section 671.201 (37), provides, in part —

> . . . Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

The court has examined the many court decisions reported in 76 A.L.R. 3d 11, et seq. — *Equipment lease as security interest.* The general principle of the cases reported therein is that the agreement and circumstances existing at the time a contract is executed determine whether or not the instrument is a lease or security interest.

The agreement sub judice, and the circumstances existing at the time of the execution thereof, compel a finding that it was a lease and not a security interest.

Did the offer to sell by the lessor, made some 14 months after the original lease was entered into, convert the lease into a security interest?

In *Leaseamerica Corporation v. Kleppe*, 405 F. Supp. 39 (1975) (United States District Court for the Northern District of Iowa), the court, construing a similar equipment lease and an offer by the lessor to sell said equipment made four years after the execution of the lease, stated —

> The issue is whether such an agreement must exist at the time the lease is entered into and this court is of the opinion it must. *Burroughs Corp. v. Berry*, 380 F.2d 427 (8th Cir. 1968) ("Purchase Option Rider") ; *Sanders*

*v. Commercial Credit Corp.*, 398 F.2d 988 (5th Cir. 1968) ("suspicion" of tacit agreement insufficient) ; *McKeeman v. Commercial Credit Corp.*, 320 F. Supp. 938 (D.C.Neb. 1970) (simultaneous oral option sufficient) ; *Devita Fruit Co. v. FCA Leasing Corp.*, 473 F.2d 585 (6th Cir. 1973) ; *In Re Metropolitan Offset Printers, Inc.*, 391 F.2d 770 (3rd Cir. Cir. 1968) ; *In Re Atlanta Times, Inc.*, 259 F.Supp. 820 (N.D.Ga. 1966) ; Collier on Bankruptcy 14th ed. § 70.18[4]. Although not relying on the Uniform Commercial Code, tax cases have also required the option agreement be contemporaneous with the lease. *Lockhart Leasing Co. v. United States*, 446 F.2d 269 (10th Cir. 1971) (option existed in lease) ; *Western Contracting Corp. v. C. I. R.*, 271 F.2d 694 (8th Cir. 1959) (de facto sale theory rejected).

Based on the foregoing the "lease" entered into between the parties in this cause was a bona fide lease, unaffected by the subsequent offer to sell.

Judgment for plaintiff.